IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **ELIZABETH NORWOOD,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | No. _____ |
| | ) | |
| v. | ) | **JURY DEMANDED** |
| | ) | |
| **MULBERRY MEDICAL** | ) | |
| **AESTHETICS, LLC, and** | ) | |
| **THERON HUTTON, MD,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

Plaintiff Elizabeth Norwood ("Plaintiff" or "Norwood"), by and through counsel, alleges for her Complaint against Defendants Mulberry Medical Aesthetics, LLC and Theron Hutton, MD (collectively, "Defendants") as follows:

## THE PARTIES

1. Plaintiff Elizabeth Norwood is a resident of Spring Hill, Maury County, Tennessee.

2. Defendant Mulberry Medical Aesthetics, LLC ("Mulberry Spa") is a Tennessee LLC with a principal place of business at 5226 Main Street, Suite D6, Spring Hill, Tennessee 37174. It can be served through its registered agent, Theron Hutton, at 5328 Main Street, Suite K, Spring Hill, Tennessee 37174.

3. Defendant Theron Hutton, MD ("Hutton") is a resident of Columbia, Maury County, Tennessee, living at 5155 Reynolds Road, Columbia, Tennessee 38401. He is the sole member of Mulberry Spa.

1

4. At all times material to this action, Ms. Norwood was an "employee" of Mulberry Spa, as the term is defined by § 203(e)(1) of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

5. Ms. Norwood worked for the Spa within the territory of the United States within the three-year period preceding the filing of this Complaint and at all times relevant to this Complaint.

6. At all times material to this action, Mulberry Spa exercised supervisory authority and day-to-day control over Ms. Norwood.

7. Thus, Mulberry Spa is an "employer" as defined by § 203(d) of the FLSA.

8. At all times material to this action, Hutton exercised supervisory authority and day-to-day control over Ms. Norwood, acting directly in the interest of Mulberry Spa.

9. Thus, Hutton is an "employer" as defined by § 203(d) of the FLSA.

10. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by § 203(s)(1) of the FLSA.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216 (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

12. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) and (c) because the conduct at issue occurred within the Court's jurisdictional bounds, and because all Defendants reside within this judicial district.

## FACTS

13. Norwood is a Nurse Practitioner licensed in the State of Tennessee.

14. From approximately November 2020 until June 1, 2023, Norwood worked as the Director of Mulberry Spa.

15. Norwood was not an owner of Mulberry Spa or any related entity.

16. As Director of Mulberry Spa, Norwood's duties included providing services directly to patients, attending mandatory trainings and weekly meetings, supervisory duties, and management duties such as ordering supplies, developing practices and forms, and implementing a new electronic medical records system for the Spa.

17. Norwood was only paid for services provided directly to patients. Her total compensation received from the Spa was $1,250 (2021), $2,426.70 (2022) and $3,217.99 (2023).

18. Defendants refused to pay Norwood for any other work she was required to perform for Mulberry Spa.

19. On at least one occasion, Defendant Hutton told Norwood that she would not be paid for her management services.

20. On another occasion, Defendant Hutton told Norwood she would be paid for this time worked if and when Mulberry Spa became profitable.

21. Thus, Defendants instituted, promulgated, enforced, approved and/or ratified the policy of not compensating Norwood for all hours worked as required by law.

22. On average, Norwood worked at least twenty hours per week at Mulberry Spa without payment.

23. Norwood worked at least 2,060 hours without payment during the three years preceding the filing of this Complaint.

24. Defendants' bookkeeper admitted to Norwood that it was illegal for Defendants to refuse to pay Norwood for time worked.

25. Defendants knew that Norwood was performing work for Mulberry Spa without pay.

26. During all times material to this action, Defendants exercised operational control over the activities and operations of Norwood.

27. In particular, Defendants directed and controlled Norwood's work and controlled the payroll, compensation and wages of Norwood.

28. Defendants intentionally and repeatedly engaged in the practice of failing to compensate Norwood for work performed for their benefit.

29. Defendants unlawfully accepted the benefits of Norwood's work efforts while refusing her proper and lawful compensation.

30. Defendants knowingly and willfully failed to pay Norwood for all hours worked.

31. The FLSA alone will not remedy the harm to Norwood, as Norwood provided a benefit to Defendants with a value significantly greater than minimum wage.

32. Norwood anticipates adding a count for wrongful termination in violation of Title VII of the Civil Rights Act of 1964 after the administrative process as to that claim runs its course.

## CAUSES OF ACTION

## COUNT ONE – VIOLATION OF THE FLSA

33. Plaintiffs repeat and incorporate by reference the above allegations as if re-written herein.

34. Defendants willfully and intentionally engaged in a pattern and practice of violating the FLSA, as detailed herein, by preventing or endeavoring to prevent the proper compensation to Norwood in accordance with § 206 of the FLSA.

35. Defendants' violations of the FLSA were willful.

36. As a result of Defendants' violations of the FLSA, Norwood has suffered significant monetary damages.

37. As a result of the unlawful acts of Defendants, Norwood has been deprived of her rightful compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

### COUNT II – UNJUST ENRICHMENT

38. Plaintiffs repeat and incorporate by reference the above allegations as if re-written herein.

39. Norwood conferred a benefit on Defendants by working for Mulberry Spa as described in this Complaint.

40. Defendants appreciated and accepted such benefit.

41. Norwood has not been compensated for her services.

42. Acceptance of such benefit under such circumstances without payment to Norwood or with payment limited to minimum wage would be unjust.

43. As a result of Defendants' conduct, Norwood has suffered significant monetary damages that cannot be remedied solely under the FLSA.

44. As a result of the unlawful acts of Defendants, Norwood has been deprived of her rightful compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

### PRAYER FOR RELIEF

WHEREFORE, Norwood prays for the following relief:

1. That proper process issue and be served upon Defendants, and that Defendants be required to appear and answer this Complaint within the time required by law;

2. An award of damages for unpaid compensation, in an amount to be proven at trial, plus an equal amount of liquidated damages;

3. A determination by this Court that Defendants willfully violated their duties under the FLSA;

4. Prejudgment interest and post-judgment interest;

5. Reasonable attorneys' fees;

6. The costs and expenses of this action; and

7. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

## REQUEST FOR JURY TRIAL

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Elizabeth Norwood*