IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| ELIZABETH NORWOOD, | ) | |
| | ) | Case No. 1:24-cv-00061 |
| | ) | Chief Judge Campbell |
| v. | ) | Magistrate Judge Holmes |
| | ) | |
| MULBERRY MEDICAL | ) | JURY DEMANDED |
| AESTHETICS, LLC, and | ) | |
| THERON HUTTON, MD, | ) | |

**INITIAL CASE MANAGEMENT ORDER**

The initial case management conference was held in this case on October 16, 2024. Counsel participating were: Tara Swafford for Plaintiff and Lauren Currey for Defendants. From the parties' proposed initial case management order (Docket No. 20) and discussion during the initial case management conference, the following case management schedule and plan is adopted:

A. JURISDICTION: The parties agree that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216 (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental jurisdiction). The parties do not dispute jurisdiction or venue.

B. BRIEF THEORIES OF THE PARTIES

Plaintiff's Theory: Plaintiff Elizabeth Norwood worked as the Director of Defendant Mulberry Medical Aesthetics, LLC (the "Spa") from November 2020 until June 1, 2023. The Spa is owned and operated by Defendant Theron Hutton. Norwood performed duties that directly benefited the Spa and Defendant Hutton, such as providing patient services, attending trainings and meetings, supervising other Spa employees, developing practices and forms, ordering supplies, and other management duties as needed. Norwood was paid for services provided directly to patients, but not

1

for any of her other job responsibilities. Norwood estimates that she spent approximately twenty (20) hours per week on these job duties, totaling 2,060 hours, without being paid. Defendants knew that she was performing work without payment and refused to pay Norwood for her services. This is a violation of the Fair Labor Standards Act, as Norwood was paid less than minimum wage for her work. Alternatively, this constitutes unjust enrichment under Tennessee law.

<u>Defendants' Theory</u>: As more fully set forth in Defendants' Answer (Doc. No. 13), Defendants expressly deny liability to Plaintiff in any amount. Defendants assert that Plaintiff was compensated for all services performed. Thus, there is no violation of the Fair Labor Standards Act and Defendants have not been unjustly enriched. Defendants deny that Plaintiff has been damaged.

Defendants assert that the allegations against Dr. Hutton, individually, as a supervisor but not an employer, fail to state a claim upon which relief can be granted. Defendants also state that Plaintiff's claims are barred by the doctrine of waiver, estoppel, and/or unclean hands.

Defendants deny all other claims and allegations contained in the Complaint. Defendants rely upon their Answer filed in this matter and the denials and affirmative defenses set forth therein, and any failure to repeat defenses herein is not a waiver of the same.

   C. <u>ISSUES RESOLVED</u>: Jurisdiction and venue.

   D. <u>ISSUES STILL IN DISPUTE</u>: Liability and damages.

   E. <u>INITIAL DISCLOSURES</u>: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents, on or before **November 15, 2024**.

   F. <u>CASE RESOLUTION PLAN AND JOINT CASE RESOLUTION STATUS REPORTS</u>: The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a **minimum of two independent, substantive** attempts at resolution. By no later than **February 14, 2025**, the parties must file a joint case resolution status report confirming

their first substantive attempt at settlement.  **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.**  The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution.  In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations.  The parties' second attempt must be by mediation, which must be concluded by no later than **August 22, 2025**.  A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **two (2) business days following mediation**.  Promptly upon selection of a mediator and scheduling of mediation, and by no later than **June 20, 2025**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled. The parties may participate in additional mediation by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion).  Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

   G. <u>DISCOVERY</u>: The parties must complete all written discovery and depose all fact witnesses on or before **April 30, 2025**.  Written discovery and scheduling of depositions must proceed

3

promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. Final written discovery shall be served no later than 60 days before the fact discovery completion deadline. The parties should also consider utilizing remote depositions or other discovery options as necessary to efficiently and cost-effectively complete discovery. *See* Fed. R. Civ. P. 29.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held an in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. All discovery disputes must be brought to the Court's attention and all discovery motions must be filed by no later than **April 30, 2025**, unless otherwise permitted by the Court. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions, after counsel have requested and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for every affected party held the required in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3) but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response.

The Court expects all parties to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

H. <u>MOTIONS TO AMEND OR TO ADD PARTIES</u>: Any motions to amend or to add parties shall be filed by no later than **January 3, 2025** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I. <u>DISCLOSURE AND DEPOSITION OF EXPERTS</u>: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **May 30, 2025**. The defendants must identify and disclose all expert witnesses and reports on or before **June 30, 2025**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). All experts must be deposed by no later than **August 29, 2025**.

J. <u>NEXT CASE MANAGEMENT CONFERENCE</u>: The Court will no longer set second case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the case management schedule. Failure to do so may result in any of the remedies

5

Case 1:24-cv-00061  Document 21  Filed 10/17/24  Page 5 of 8 PageID #: 67

authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference.

K. DISPOSITIVE MOTIONS: **All motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01.** All motions for summary judgment and other non-Rule 12 dispositive motions must be filed by no later than **September 29, 2025**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp.3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that each is a concise and focused statement of facts (not

opinion, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

  L. <u>ELECTRONIC DISCOVERY</u>.  The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and, by no later than **November 22, 2024**, either: (1) filed as a stipulation of agreed-upon electronic discovery procedures; or, (2) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.  In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

  M. <u>MODIFICATION OF CASE MANAGEMENT ORDER</u>. Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in summary denial of the requested extension.

  N. <u>REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS</u>. Any party requesting that documents or portions of documents be sealed, including without limitation for

use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 4 to 5 days**.[1] A trial date no earlier than **March 31, 2026** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Chief Judge Campbell.

**It is so ORDERED.**

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.

8

Case 1:24-cv-00061    Document 21    Filed 10/17/24    Page 8 of 8 PageID #: 70