# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **ELIZABETH NORWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1:24-CV-00061** |
| | ) | **Chief Judge Campbell** |
| | ) | **Magistrate Judge Holmes** |
| **v.** | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |
| **MULBERRY MEDICAL** | ) | |
| **AESTHETICS, LLC,** | ) | |
| **THERON HUTTON, MD, and** | ) | |
| **MULBERRY CLINICS, PLLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Elizabeth Norwood ("Plaintiff" or "Norwood"), by and through counsel, alleges for her First Amended Complaint against Defendants Mulberry Medical Aesthetics, LLC, Theron Hutton, MD, and Mulberry Clinics, PLLC (collectively, "Defendants") as follows:

## THE PARTIES

1.      Plaintiff Elizabeth Norwood is a resident of Spring Hill, Maury County, Tennessee.

2.      Defendant Mulberry Medical Aesthetics, LLC ("Mulberry Spa") is a Tennessee LLC with a principal place of business at 5226 Main Street, Suite D6, Spring Hill, Tennessee 37174.  It can be served through its registered agent, Theron Hutton, at 5328 Main Street, Suite K, Spring Hill, Tennessee 37174.

3.      Defendant Theron Hutton, MD ("Hutton") is a resident of Columbia, Maury County, Tennessee, living at 5155 Reynolds Road, Columbia, Tennessee 38401.  He is the sole member of Mulberry Spa.

1

4.     Defendant Mulberry Clinics, PLLC ("Mulberry Clinics") is a Tennessee LLC with a principal place of business at 5328 Main Street, Suite K, Spring Hill, Tennessee 37174. It can be served through its registered agent, Theron Hutton, at 5155 Reynolds Road, Columbia, Tennessee 38401.

5.     At all times material to this action, Ms. Norwood worked as a Nurse Practitioner for Mulberry Clinics.

6.     At all times material to this action, Ms. Norwood was also an "employee" of Mulberry Spa, as the term is defined by § 203(e)(1) of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

7.     Ms. Norwood worked for the Spa within the territory of the United States within the three-year period preceding the filing of this Complaint and at all times relevant to this Complaint.

8.     At all times material to the FLSA allegations described herein, Mulberry Spa exercised supervisory authority and day-to-day control over Ms. Norwood.

9.     Thus, Mulberry Spa is an "employer" as defined by § 203(d) of the FLSA.

10.    At all times material to the FLSA allegations described herein, Hutton exercised supervisory authority and day-to-day control over Ms. Norwood, acting directly in the interest of Mulberry Spa.

11.    Thus, Hutton is an "employer" as defined by § 203(d) of the FLSA.

12.    At all times material to this action, Defendants Mulberry Spa and Hutton have been an enterprise engaged in commerce as defined by § 203(s)(1) of the FLSA.

2

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216 (FLSA), 42 U.S.C. § 2000e (Title VII), and 28 U.S.C. § 1367 (supplemental jurisdiction).

14.     Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) and (c) because the conduct at issue occurred within the Court's jurisdictional bounds, and because all Defendants reside within this judicial district.

## FACTS

### Fair Labor Standards Act

15.     Norwood is a Nurse Practitioner licensed in the State of Tennessee.

16.     From approximately November 2020 until June 1, 2023, Norwood worked as the Director of Mulberry Spa.

17.     Norwood was not an owner of Mulberry Spa or any related entity.

18.     As Director of Mulberry Spa, Norwood's duties included providing services directly to patients, attending mandatory trainings and weekly meetings, interviewing and hiring, supervisory duties, and management duties such as ordering supplies, developing practices and forms, and implementing a new electronic medical records system for the Spa.

19.     Norwood was paid only for services provided directly to patients.  Her total compensation received from the Spa was $1,250 (2021), $2,426.70 (2022) and $3,217.99 (2023).

20.     Defendants Mulberry Spa and Hutton refused to pay Norwood for any other work she was required to perform for Mulberry Spa.

21.     On at least one occasion, Defendant Hutton told Norwood that she would not be paid for her management services.

3

22.     On another occasion, Defendant Hutton told Norwood she would be paid for this time worked if and when Mulberry Spa became profitable.

23.     Thus, Defendants Mulberry Spa and Hutton instituted, promulgated, enforced, approved and/or ratified the policy of not compensating Norwood for all hours worked as required by law.

24.     On average, Norwood worked at least twenty hours per week at Mulberry Spa without payment.

25.     Norwood worked at least 2,060 hours for Mulberry Spa without payment during the three years preceding the filing of this Complaint.

26.     Defendants' bookkeeper admitted to Norwood that it was illegal for Defendants Mulberry Spa and Hutton to refuse to pay Norwood for time worked.

27.     Defendants Mulberry Spa and Hutton knew that Norwood was performing work for Mulberry Spa without pay.

28.     During all times material to this action, Defendants Mulberry Spa and Hutton exercised operational control over the activities and operations of Norwood.

29.     In particular, Defendants Mulberry Spa and Hutton directed and controlled Norwood's work and controlled the payroll, compensation and wages of Norwood.

30.     Defendants Mulberry Spa and Hutton intentionally and repeatedly engaged in the practice of failing to compensate Norwood for work performed for their benefit.

31.     Defendants Mulberry Spa and Hutton unlawfully accepted the benefits of Norwood's work efforts while refusing her proper and lawful compensation.

32.     Defendants Mulberry Spa and Hutton knowingly and willfully failed to pay Norwood for all hours worked.

4

33.     The FLSA alone will not remedy the harm to Norwood, as Norwood provided a benefit to Defendants Mulberry Spa and Hutton with a value significantly greater than minimum wage.

**Title VII Retaliation**

34.     From approximately June 3, 2019 until April 16, 2024, Norwood worked as a Nurse Practitioner for Defendant Mulberry Clinics.

35.     On March 8, 2024, Defendant Hutton emailed Norwood demanding that she answer questions about allegations of inappropriate behavior that had been made against him.

36.     Defendant Hutton demanded to have these answers before he would continue to serve as Norwood's supervising physician.

37.     Defendant Hutton's supervision of Norwood in this practice setting was essential to her job, and without it, she could not perform her job duties.

38.     Later that same night, Defendant Hutton removed Norwood from Mulberry Clinic's call service, a material part of her job responsibilities for which she earned compensation.

39.     On March 11, 2024, Norwood told Defendant Hutton that she was uncomfortable with his questions and that she would consult an attorney before answering.

40.     On March 13, 2024, Defendant Hutton again emailed Norwood, this time asking, "Do you feel comfortable having me as your supervising physician?"

41.     Two days later, on March 15, 2024, Dr. Hutton told Norwood that he would no longer serve as her supervising physician as of April 15, 2024, and that she should find her own supervising physician to serve after that time.

42.     No other physician was available to serve as Norwood's supervisor.

43.     On April 16, 2024, Norwood was fired.

5

44.     During the termination meeting, Defendant Hutton told Norwood that he had received information that a former employee and a "colleague" of hers had opposed gender discrimination in the workplace.

45.     Defendant Hutton told Norwood that he had assumed that she was the "colleague", and this suspicion was confirmed (to him) when she did not answer his questions about gender discrimination or inappropriate behavior in the workplace to his satisfaction.

46.     Defendant Hutton told Norwood expressly that he decided that he could not be her supervising physician anymore (effectively firing her) because of his belief that she was this "colleague" that opposed gender discrimination.

47.     The termination was devastating to Norwood as there was no reasonable basis for it.

48.     The termination meant significant lost wages and other benefits to Norwood and caused harm to her personal and professional reputation.

49.     As a direct and proximate result of the retaliation by Mulberry Clinics, Norwood has suffered and will continue to suffer mental anguish, harm to her reputation, lost wages and other lost benefits.

50.     Norwood filed a Charge of Discrimination against Mulberry Clinics for retaliatory discharge, and a Right to Sue was issued on October 16, 2024.  A copy is attached as Exhibit A.

**CAUSES OF ACTION**

**COUNT I – VIOLATION OF THE FLSA**
**AS TO DEFENDANTS MULBERRY SPA AND HUTTON**

51.     Plaintiff repeats and incorporates by reference the above allegations as if re-written herein.

52. Defendants Mulberry Spa and Hutton willfully and intentionally engaged in a pattern and practice of violating the FLSA, as detailed herein, by preventing or endeavoring to prevent the proper compensation to Norwood in accordance with § 206 of the FLSA.

53. These violations of the FLSA were willful.

54. As a result of these violations of the FLSA, Norwood has suffered significant monetary damages.

55. As a result of the unlawful acts of Defendants Mulberry Spa and Hutton, Norwood has been deprived of her rightful compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

## COUNT II – UNJUST ENRICHMENT
## AS TO DEFENDANTS MULBERRY SPA AND HUTTON

56. Plaintiff repeats and incorporates by reference the above allegations as if re-written herein.

57. Norwood conferred a benefit on Defendants Mulberry Spa and Hutton by working for Mulberry Spa as described in this First Amended Complaint.

58. Defendants Mulberry Spa and Hutton appreciated and accepted such benefit.

59. Norwood has not been compensated for her services.

60. Acceptance of such benefit under such circumstances without payment to Norwood or with payment limited to minimum wage would be unjust.

61. As a result of the conduct of Defendants' Mulberry Spa and Hutton, Norwood has suffered significant monetary damages that cannot be remedied solely under the FLSA.

62. As a result of the unlawful acts of Defendants Mulberry Spa and Hutton, Norwood has been deprived of her rightful compensation in an amount to be determined at trial, and is

7

entitled to recovery of such amounts, plus prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

## COUNT III – TITLE VII RETALIATION
## AS TO DEFENDANT MULBERRY CLINICS

63.     Plaintiff repeats and incorporates by reference the above allegations as if re-written herein.

64.     Defendant Mulberry Clinics believed that Norwood engaged in activity protected by Title VII.

65.     Defendant Mulberry Clinics illegally retaliated against Norwood by removing her supervising physician and terminating her employment because of its belief that she engaged in protected activity.

66.     This belief was the but for cause of Norwood's termination.

67.     As a direct and proximate result of the willful, knowing and intentional retaliation of Defendant Mulberry Clinics, Norwood suffered damages and is entitled to back pay, future wages, compensatory damages, attorney fees and costs.


## PRAYER FOR RELIEF

WHEREFORE, Norwood prays for the following relief:

1.      That proper process issue and be served upon Defendants, and that Defendants be required to appear and answer this First Amended Complaint within the time required by law;

2.      An award of damages for unpaid compensation, in an amount to be proven at trial, plus an equal amount of liquidated damages;

3.      A determination by this Court that Defendants willfully violated their duties under the FLSA;

8

4.      Damages for unjust enrichment;

5.      Back pay, including all sums of money she would have earned, together with such other increases and benefits to which she would be entitled had she not been improperly terminated;

6.      Front pay;

7.      Compensatory damages in an amount to be determined by the trier of fact to be fair and reasonable;

8.      Prejudgment interest and post-judgment interest;

9.      Reasonable attorneys' fees;

10.     The costs and expenses of this action; and

11.     Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Elizabeth Norwood*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's ECF System on:

Lauren Z. Curry
Micah N. Bradley
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
lcurry@srvhlaw.com
mbradley@srvhlaw.com

on this the 19th day of November 2024.

/s/     Elizabeth G. Hart
Elizabeth G. Hart

10

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Nashville Area Office**
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/16/2024

**To:** Elizabeth Norwood
4304 Kedron Road
Spring Hill, TN 37174
Charge No: 494-2025-00175

EEOC Representative and email:    TRACY HOLDER
Investigative Support Assistant
tracy.holder@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 494-2025-00175.

On behalf of the Commission,

Digitally Signed By:Phillip Bornefeld
10/16/2024

Phillip Bornefeld
Area Office Director

**Cc:**
Lisa French
Mulberry Clinic
5328 Main Street Suite K
Spring Hill, TN 37174

Incident  Location
Mulberry Clinics, PLLC
5328 Main Street Suite K
Spring Hill, TN 37174

Elizabeth Hart Esq.
The Swafford Law Firm, PLLC
321 Billingssly Ct Suite 19
Franklin, TN 37067

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 494-2025-00175 to the

District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**<u>To make a Section 83 request for your charge file</u>**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 494-2025-00175 to the District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.