# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

ELIZABETH NORWOOD            )
                                       )
                                       )    **Case No. 1:24-cv-00061**
v.                                    )    **Chief Judge Campbell**
                                       )    **Magistrate Judge Holmes**
MULBERRY MEDICAL AESTHETICS, LLC  )
and THERON HUTTON            )

## O R D E R[1]

Pending before the Court is Defendant Theron Hutton's "Motion to Show Authority and Validation of Representation" (Docket No. 33), to which Plaintiff Elizabeth Norwood filed a response in opposition (Docket No. 36). For the reasons detailed below, the motion (Docket No. 33) is **DENIED**.

Defendant Hutton asks the Court to compel Plaintiff's counsel to "demonstrate their authority to appear in the above stated court, to litigate against the defendant and act on behalf on the plaintiff." (*Id.* at 1.) Specifically, he asks the Court to order Plaintiff's counsel to produce certain documents and information, including their Tennessee law licenses, "oaths of admission," and "evidence [of] retainer to represent" Plaintiff. (*Id.*) He cites to Rules 5(b)(1), 11(a), 12(b), and 17(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1654, and Tenn. Code Ann. § 23-3-103 as authority for his request. The Court finds no merit in Defendant Hutton's motion. None of the cited authorities provide any basis for this Court to order Plaintiff's counsel to produce the

---

[1] Generally, motions for Rule 11 sanctions require a report and recommendation from a Magistrate Judge. *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 975 F.2d 995, 998 (6th Cir. 1992). However, because Plaintiff's request for Rule 11 sanctions is not procedurally properly before the Court, and Defendant's underlying motion is a referred pretrial motion, the undersigned finds this matter may be resolved by order. However, to the extent that the District Judge disagrees, the undersigned respectfully submits the portion of this order regarding the Rule 11 request as a report and recommendation for denial of the requested Rule 11 sanctions.

requested documents or information. Further, as Plaintiff states in her response, the information that Defendant Hutton seeks is largely available either by public access or by reviewing the docket. Accordingly, the Court has been provided with no compelling reason or legal basis to grant Defendant Hutton's request.

In her response, Plaintiff asks the Court to impose sanctions against Defendant Hutton under Rule 11. However, Plaintiff did not comply with the procedural requirements set forth in Rule 11, including the safe harbor provisions of Rule 11(c)(2). Nor did Plaintiff properly present the request as a motion. The Court will therefore take no further action on the request.

Nevertheless, Defendant Hutton is reminded that, by signing a pleading or other document that is filed with this Court, he is certifying to the Court that: (1) the pleading or other document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1); and (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2). The Rule 11 standard "takes into account the special circumstances that often arise in *pro se* situations. But *pro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *In re Polyurethane Foam Antitrust Litig.*, 165 F. Supp. 3d 664, 666 (N.D. Ohio 2015) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)). In short, Defendant Hutton, even though he is proceeding *pro se*, must – as must Plaintiff and her counsel – comply with Rule 11.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge