IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| ELIZABETH NORWOOD ) | |
| ) | Case No. 1:24-cv-00061 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| MULBERRY MEDICAL AESTHETICS, LLC ) | |
| *et al.* ) | |

## ENTRY OF DEFAULT

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Docket No. 34.)

For the reasons set forth below, **DEFAULT IS HEREBY ENTERED** against Defendant Mulberry Medical Aesthetics, LLC.

### I. BACKGROUND

Plaintiff filed this action against Defendants Mulberry Medical Aesthetics, LLC ("Mulberry Medical") and Theron Hutton ("Hutton") on June 11, 2024. (Docket No. 1.) These two defendants filed an answer to the complaint on September 13, 2024. (Docket No. 13.) On January 14, 2025, Plaintiff amended her complaint, with leave of Court, to name a third defendant, Mulberry Clinics, PLLC ("Mulberry Clinics"). (Docket No. 29.) None of the three defendants have answered or otherwise responded to the amended complaint as of the date of this order.[1]

---

[1] Defendants Hutton and Mulberry Medical answered the original complaint. (Docket No. 13.) Plaintiff filed an executed return of summons on January 30, 2025 indicating that Defendant Mulberry Clinics was served with a copy of the amended complaint and a summons on January 21, 2025. (Docket No. 35.) As the Court set forth in a prior order, Defendant Mulberry Clinics may also appear only through counsel, or it will likewise be subject to entry of default and default judgment. (Docket No. 30 at 1.)

Counsel entered an appearance on behalf of Defendants Mulberry Medical and Hutton on September 13, 2024. (Docket Nos. 16, 17.) However, on November 25, 2024, the Court granted their counsels' motion to withdraw. (Docket No. 27.) In that order, the Court issued a reminder that individual Defendant Hutton could appear *pro se*, but that Defendant Mulberry Medical could only appear in federal court through an attorney because it is a corporate entity. (*Id.* at 1 (citing *S.E.C. v Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012)). The Court provided both Defendant Mulberry Medical and Hutton with forty-five (45) days, or until January 9, 2025, to notify the Court whether they had retained new counsel or would proceed *pro se*. (*Id.*) Neither notified the Court of this information by the deadline.

Accordingly, on January 14, 2025, the Court entered an additional order regarding Defendants' lack of counsel. (Docket No. 30.) The Court deemed Defendant Hutton to be proceeding *pro se*, but put Defendant Mulberry Medical on notice that a default would be entered or a recommendation for default judgment against it issued if counsel did not enter an appearance by January 31, 2025. (*Id.* at 1.) As of the date of this order, no counsel have entered an appearance on behalf of Defendant Mulberry Medical.

## II. LEGAL STANDARDS AND ANALYSIS

Courts have long had the inherent authority to enter default as a sanction against a disobedient defendant.[2] *Dow Corning Corp. v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) (citations omitted). Here, Defendant Mulberry Medical disregarded two

---

[2] Although Rule 55(a) of the Federal Rules of Civil Procedure gives the clerk the authority to enter default, the Court itself may decide the issue of entry of default. *McGinnis v. Rentech Sols., Inc.*, No. 2:11-cv-00670, 2012 WL 1537611, at *1 (S.D. Ohio May 1, 2021); *Dow Corning v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.") (quoting 10A Charles Allan Wright et al., Federal Practice & Procedure § 2682 (3d ed. 1998)).

of the Court's orders instructing it to have counsel enter an appearance on its behalf by no later than January 9, 2025 (Docket No. 27) and by an extended deadline of January 31, 2025 (Docket No. 30).

Rule 55(a) of the Federal Rules of Civil Procedure provides authority for the court to enter default against a defendant who does not "otherwise defend." The language of Rule 55(a) is unambiguous: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default against Defendant Mulberry Medical is required because that entity has been unrepresented by counsel since its counsel was permitted to withdraw on November 25, 2024. It has been provided with ample opportunity to retain counsel, but has failed to do so. It is well settled that a corporation cannot appear in federal court except through an attorney. *Merklinger*, 489 F. App'x at 939-40 (citations omitted); *Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (limited liability companies cannot appear in federal court except through counsel). *See also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted).

Although Defendant Mulberry Medical filed an answer to Plaintiff's complaint on September 13, 2024 (Docket No. 13), it has failed to respond to Plaintiff's amended complaint or to otherwise defend itself in this litigation by retaining counsel, despite numerous reminders from this Court. Accordingly, the Court finds that Defendant Mulberry Medical has failed to defend this case and entry of default is therefore appropriate under Rule 55(a). *See Dow Corning*, 2013 WL 403937 at *5 (corporate defendant's failure to comply with court's order to obtain counsel is failure to defend under Rule 55(a) warranting default) (citations omitted).

### III.   CONCLUSION

For these reasons, **DEFAULT IS ENTERED** against Defendant Mulberry Medical Aesthetics, LLC.

**Any party objecting to this Order** must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge