IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| ELIZABETH NORWOOD | ) |
| | ) Case No. 1:24-cv-00061 |
| v. | ) |
| | ) |
| MULBERRY MEDICAL AESTHETICS, LLC | ) |
| *et al.* | ) |

**To: Honorable William L. Campbell, Jr., Chief United States District Judge**

## REPORT AND RECOMMENDATION

This *pro se* civil case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure,[1] and the Local Rules of Court. (Docket No. 34.)

Pending before the Court is Plaintiff Elizabeth Norwood's unopposed motion for default judgment against Defendants Mulberry Medical Aesthetics, LLC ("Mulberry Medical"), Theron Hutton ("Hutton"), and Mulberry Clinics, PLLC ("Mulberry Clinics"). (Docket No. 44.) The undersigned has reviewed and considered the motion, memorandum, and declarations filed in support of the motion. For the reasons stated below, the undersigned finds that this matter can be resolved without hearing and respectfully recommends that Plaintiff's motion for default judgment (Docket No. 44) be **GRANTED IN PART** with respect to Mulberry Medical and Hutton and be **DENIED** with respect to Mulberry Clinics.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action against Mulberry Medical and Hutton on June 11, 2024. (Docket No. 1.) These two defendants filed an answer to the complaint on September 13, 2024. (Docket No. 13.) On January 14, 2025, Plaintiff amended a first amended complaint, with leave of Court,

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

to name a third defendant, Mulberry Clinics. (Docket No. 29.) In her first amended complaint, Plaintiff alleges the following facts:

Plaintiff is a licensed nurse practitioner. (*Id.* at 15.) She worked as the Director of Mulberry Medical, of which Hutton is the sole member, from approximately November 2020 to June 2023. (*Id.* at ¶¶ 3, 16.) As the Director, Plaintiff provided services directly to patients, attended mandatory trainings and meetings, interviewed and hired employees, and had supervisory and management duties. (*Id.* at ¶ 18.) However, Plaintiff was paid only for services that she provided directly to patients and was not paid for at least 2,060 hours of other work that she performed in her role as Director for Mulberry Medical. (*Id.* at ¶¶ 19, 24–25.)

Plaintiff also worked as a nurse practitioner for Mulberry Clinics from approximately June 2019 to April 2024, with Hutton serving as her supervisory physician. (*Id.* at ¶ 34, 36–37.) In March 2024, Hutton emailed Plaintiff and asked her to answer certain questions "before he would continue to serve as [Plaintiff's] supervising physician." (*Id.* at ¶ 35–36.) Plaintiff indicated that she was not comfortable answering Hutton's questions. (*Id.* at ¶ 39.) A few days later, Hutton told Plaintiff he would no longer serve as her supervising physician as of April 15, 2024. (*Id.* at ¶ 41.) Plaintiff did not find a new supervising physician prior to April 15, 2024. (*Id.* at ¶ 42.) On April 16, 2024, Plaintiff was fired. (*Id.* at ¶ 43.) During the termination meeting, Hutton indicated that he believed Plaintiff opposed gender discrimination. (*Id.* at ¶¶ 43–46.)

Based on these alleged facts, Plaintiff asserts the following three claims against the three defendants: violation of the Fair Labor Standards Act ("FLSA") for failure to pay minimum wages as to Mulberry Medical and Hutton (Count I); unjust enrichment as to Mulberry Medical and Hutton (Count II); and retaliation under Title VII of the Civil Rights Act ("Title VII") as to Mulberry Clinic (Count III). (*Id.* at ¶¶ 51–67.)

On February 13, 2025, the Court entered a default against Mulberry Medical because it failed to respond to the first amended complaint or otherwise defend itself by retaining counsel,

despite numerous reminders from the Court. (Docket No. 38.) On February 14, 2025, Plaintiff moved for entry of default as to Mulberry Clinics and Hutton. (Docket No. 40.) On March 5, 2025, the Court granted the motion and entered a default against Mulberry Clinics because it failed to respond to the first amended complaint or otherwise defend itself by retaining counsel, despite numerous reminders from the Court, and against Hutton because he failed to respond to the first amended complaint and as a sanction under Rule 37 for his conduct in failing to cooperate in discovery. (Docket No. 43.)

Now, Plaintiff seeks default judgment against all three defendants. (Docket No. 44.) Specifically, she asks the Court to award her monetary damages, attorney's fees, and costs, and to order Hutton and Mulberry Clinics to provide her with certain patient contact information. (*Id.* at 1–2; Docket No. 45 at 2–8.) None of the three defendants have responded to the instant motion.

## II. LEGAL STANDARDS AND ANALYSIS

The decision to grant a default judgment is within the sound discretion of district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Under Rule 55(b)(2), a court may enter a default judgment if that court has jurisdiction, and the movant has met certain procedural requirements. *Id.* at 108–09. For a court to grant a motion for default judgment, the complaint must state a claim upon which relief can be granted. *Allstate Life Ins. Co. of New York v. Tyler-Howard*, No. 3:19-cv-00276, 2019 WL 4963230 at *1 (M.D. Tenn. Oct. 8, 2019) (internal citations omitted).

Once default has been entered against a party under Rule 55, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including any jurisdictional averments. *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981); *Antoine*, 66 F.3d at 110–11. Here, due to the three defendants' defaults, the Court is entitled to accept as true the well-pleaded factual allegations of the complaint. *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)).

3

**A.     Liability**

Plaintiff argues that the three defendants are liable under three theories: (1) Mulberry Medical and Hutton violated the FLSA by failing to pay minimum wages; (2) Mulberry Medical and Hutton were unjustly enriched by receiving the benefit of Plaintiff's work without paying her; and (3) Mulberry Clinic retaliated against Plaintiff by removing her supervising physician and terminating her employment because of its belief that she engaged in protected activity, all of which is in violation of Title VII. (Docket No. 29 at ¶¶ 51–67.) Default judgment on well-pleaded allegations establishes only liability, not the extent of damages for which a particular defendant is responsible. *Antoine*, 66 F.3d at 110. The Court must, therefore, determine the extent to which the three defendants may be held liable for the full amount of damages claimed by Plaintiff.

1.     FLSA – Mulberry Medical and Hutton

The Court finds that Plaintiff's complaint establishes that Mulberry Medical and Hutton are liable under the FLSA for failing to pay Plaintiff minimum wage. Plaintiff alleges that she was an employee of Mulberry Medical (Docket No. 29 at ¶¶ 6), that Mulberry Medical was her employer (*id.* at ¶ 11), and that Mulberry Medical and Hutton were an enterprise engaged in commerce under 29 U.S.C. § 203(s)(1) (*id.* at ¶ 12). With respect to minimum wage, the FLSA requires employers to pay a minimum hourly wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Plaintiff alleges that that was paid for services that she provided directly to patients, which totaled $1,250.00 in 2021, $2,426.70 in 2022, and $3,271.99 in 2023. (*Id.* at ¶ 19.) However, she asserts that Mulberry Medical and Hutton otherwise failed to pay her for any other work that she performed. (*Id.* at ¶ 20.)

Suits under the FLSA must be brought "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" 29 U.S.C. § 255(a). A violation under the FLSA is willful

4

if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Under the continuing violation doctrine, "a cause of action is deemed to accrue, as a general rule, at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Penley v. NPC Int'l, Inc.*, 206 F. Supp. 3d 1341 (W.D. Tenn. 2016) (quoting *Archer v. Sullivan Cnty.*, Nos. 95–5214, 955215, 1997 WL 720406, at *2 (6th Cir. Nov. 14, 1997)). An action is commenced when a plaintiff files a complaint. 29 U.S.C. § 256(a). Plaintiff commenced this action on June 11, 2024 when she filed her complaint. In her first amended complaint, she alleges that Mulberry Medical and Hutton knew that she was performing work without pay and that they intentionally, repeatedly, knowingly, and willfully failed to pay her for all hours that she worked. (*Id.* at ¶¶ 26, 30–31.) The Court finds that Plaintiff has adequately alleged that the FLSA violation was willful such that the statute of limitations is three years after the cause of action accrued.

In sum, Plaintiffs' complaint establishes that Plaintiff was an employee, that Mulberry Medical and Hutton were Plaintiff's employers, and that Mulberry Medical and Hutton failed to pay Plaintiff minimum wages. Plaintiff is therefore entitled to default judgment under the FLSA and is entitled to recover unpaid minimum wages and an equal amount in liquidated damages for Mulberry Medical and Hutton's FLSA violations. *See* 29 U.S.C. § 2016(b).

2. <u>Unjust Enrichment – Mulberry Medical and Hutton</u>

"Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 154–55 (1966)). Under an unjust enrichment theory, courts impose a

5

Case 1:24-cv-00061   Document 48   Filed 05/28/25   Page 5 of 13 PageID #: 207

contractual obligation where there is "no contract between the parties or the contract has become unenforceable or invalid," and the defendant will be unjustly enriched unless the court imposes a quasi-contractual obligation. *Id.*

The elements of an unjust enrichment claim are "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Fam. Tr. Servs. LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 304 (Tenn. 2024) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)) (internal quotations omitted). Unjust enrichment claims made under Tennessee state law are independent of FLSA claims and are not preempted by FLSA claims. *See Cayton v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:20-cv-00859, 2022 WL 183437, at *6 (M.D. Tenn. Jan. 19, 2022); *Lynch v. GCA Servs. Grp., Inc.*, No. 3:16-CV-02624, 2017 WL 11477229, at *3 (M.D. Tenn. Sept. 19, 2017).

Here, Plaintiff has sufficiently alleged that she conferred a benefit upon Mulberry Medical and Hutton by working for Mulberry Medical; that Mulberry Medical and Hutton appreciated and accepted those benefits from her; and that it would be unjust for Mulberry Medical and Hutton to appreciate those services without paying Plaintiff or with paying Plaintiff only minimal wage. (Docket No. 29 at ¶¶ 57–50.) Plaintiff has therefore sufficiently alleged a claim for unjust enrichment as to Mulberry Medical and Hutton.

3. <u>Title VII Retaliation – Mulberry Clinics</u>

Title VII makes it unlawful to retaliate against employees for engaging in protected conduct. 42 U.S.C. § 2000e-3(a). Protected conduct includes opposing any practice made unlawful by Title VII, or making a charge or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. *Id.* Reporting or complaining of

6

Case 1:24-cv-00061   Document 48   Filed 05/28/25   Page 6 of 13 PageID #: 208

discrimination to management also constitutes protected conduct. *Fite v. Comtide Nashville, LLC*, 686 F. Supp. 2d 735, 753 (M.D. Tenn. 2010); *Pendleton v. Bob Frensley Chrysler Jeep Dodge Ram, Inc.*, No. 3:14 C 02325, 2016 WL 2927983, at *8 (M.D. Tenn. May 19, 2016).

To make a prima facie showing of Title VII retaliation, an employee must demonstrate that "(1) she engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (quoting *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008)) (internal quotations omitted). For a plaintiff to establish a qualifying "protected activity," she must show that she took an "overt stand against suspected illegal discriminatory action." *Khalaf v. Ford Motor Co.*, 973 F.3d 469 (6th Cir. 2020) (quoting *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012)). "In other words, an employee may not invoke the protections of the Act by making a vague charge of discrimination." *Id.* (quoting *Blizzard*, 698 F.3d at 288; *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007)).

Plaintiff has failed to sufficiently allege that she engaged in "protected activity" under Title VII. In the complaint, Plaintiff describes her "protected activity" as either not responding to an email from Hutton "demanding that she answer questions about allegations of inappropriate behavior that had been made against him" (Docket No. 29 at ¶ 35) or as being believed by Hutton to oppose gender discrimination (*id.* at ¶ 46). She broadly alleges that "Mulberry Clinics believed that Norwood engaged in activity protected by Title VII" (*id.* at ¶ 64), but does not explicitly state what the "activity" was. Plaintiff uses similarly broad language in her supporting memorandum: "Plaintiff was terminated from the Clinic on April 16, 2024 in violation of Title VII of the Civil Rights Act of 1964." (Docket No. 45 at 5.) Based on the allegations in the first amended complaint and the argument in Plaintiff's supporting memorandum, the Court finds that Plaintiff has not sufficiently asserted a claim for retaliation under Title VII because she has not alleged a qualifying

7

"protected activity." For these reasons, default judgment against Mulberry Clinics and Hutton for a violation of Title VII is not appropriate.

**B.     Damages**

To determine damages, the trial court can, but is not required to, hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); *see also* Fed. R. Civ. P. 55(b)(2) (A district court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing").

Plaintiff seeks a default judgment against the three defendants in the following amounts:

| Count | Category of Damages | Defendant(s) | Amount |
|---|---|---|---|
| I. FLSA Violation | Unpaid minimum wages | Mulberry Medical, Hutton | $8,765.31 |
|  | Unpaid minimum wages – liquidated damages | Mulberry Medical, Hutton | $8,765.31 |
| II. Unjust Enrichment |  | Mulberry Medical, Hutton | $178,834.69 |
| III. Title VII Violation, Retaliation | Lost past wages | Mulberry Clinics | $155,826.00 |
|  | Future wages | Mulberry Clinics | $733,104.00 |
|  | Emotional damages | Mulberry Clinics | $100,000.00 |
|  | Attorney's fees | Mulberry Medical, Hutton, Mulberry Clinics | $24,970.00 |
|  | Costs | Mulberry Medical, Hutton, Mulberry Clinics | $405.00 |

(Docket No. 45 at 2–8.)

8

Plaintiff also asks the Court to order Hutton and Mulberry Clinics to provide her with contact information for "all patients seen by Plaintiff in her last thirty-six (36) months of employment at [Mulberry Clinics], so that she can notify them of her departure and their option to continue their medical care with her, pursuant to Rules of The Tennessee Board of Nursing Rule 1000-04-.12(e)(2)." (*Id.* at 8.)

1. <u>FLSA Violation – Mulberry Medical and Hutton</u>

Plaintiff requests $8,765.31 in unpaid minimum wages and $8,765.31 in liquidated damages for unpaid minimum wages from Mulberry Medical and Hutton, jointly and severally. (*Id.* at 2–4.) In her declaration, Plaintiff states that she worked 20 hours per week for 108 weeks, or a total of 2,160 hours, during the three years leading up to the filing of this lawsuit. (Docket No. 45-1 at ¶ 14.) She states that she was paid a total of $6,894.69 during that time period. (*Id.* at ¶ 9.)

Because Plaintiff was entitled to a minimum wage of $7.25 per hour under the FLSA, worked for 108 weeks, and worked 20 hours per week, she is entitled to $15,660.00 in unpaid minimum wages. Therefore, the Court finds that Plaintiff is entitled to an award of $15,660.00 in unpaid minimum wages less $6,894.69 in paid wages, for a total of $8,765.31.

Under the FLSA, successful claimants are entitled to "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court "in its sound discretion" may reduce the amount of liquidated damages only if an employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of [FLSA]." 29 U.S.C. § 260. *See also* 29 C.F.R. 790.22(b); *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 815 (M.D. Tenn. 2008).

Here, the Court finds that an award of liquidated damages is appropriate. Mulberry Medical and Hutton have not shown that their failure to pay Plaintiff was "in good faith" or that they had "reasonable grounds" to believe that their failure to pay Plaintiff was a not a violation of the FLSA.

9

The Court therefore finds that an award of liquidated damages for Plaintiff's unpaid minimum wages in the amount of $8,765.31 is appropriate.

      2.      Unjust Enrichment – Mulberry Medical and Hutton

Plaintiff requests $178,834.69 in damages for her unjust enrichment claim from Mulberry Medical and Hutton, jointly and severally. (*Id.* at 4–5.) In her declaration, Plaintiff states that $70.00 per hour is a reasonable rate for a Spa Director with her experience and credentials in her area during the relevant time. (Docket No. 45-1 at ¶ 13.) She also states that she worked a total of 2,680 hours from November 2020 to June 2023, but was not compensated for this time. (*Id.* at ¶ 14.) Based on those work hours, Plaintiff seeks $187,600.00 in unpaid wages, less the $8,765.31 in unpaid minimum wages that she is seeking through her FLSA claim, for a total of $178,834.69.

The undisputed evidence in this case establishes that: Plaintiff agreed to work for Mulberry Medical and Hutton as a Director; a reasonable hourly rate is $70.00 per hour; Plaintiff worked 2,680 hours; and Plaintiff was not compensated for her work. The Court therefore finds that allowing Mulberry Medical and Hutton to retain the compensation due to Plaintiff would be unjust. *See Knisley v. Johnson*, No. 3:21-CV-420, 2022 WL 17718637, at *5 (E.D. Tenn. Jul. 22, 2022). Given Plaintiff's unrebutted declaration and the lack of objection from Mulberry Medical and Hutton, the Court finds that an award of liquidated damages for Plaintiff's unjust enrichment claim in the amount of $178,834.69 is appropriate.

      3.      Title VII Violation – Mulberry Clinics

Plaintiff requests past wages of $155,826.00, future wages of $733,104.00, and emotional distress damages of $100,000.00 from Mulberry Clinics for its alleged violation of Title VII. (Docket No. 45 at 5–7.) However, for the reasons set forth above, the Court finds that Plaintiff has not sufficiently alleged a claim under Title VII. For that reason, the Court will not award Plaintiff the damages she requests under this claim.

4. <u>Attorney's Fees and Costs – Mulberry Medical, Hutton, Mulberry Clinics</u>

Plaintiff requests $24,970.00 in attorney's fees and $405.00 in costs from all three defendants. (Docket No. 45 at 7–8.) She states that she can recover attorney's fees and costs under the FLSA, specifically 29 U.S.C. § 216(b). This statute states: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Court finds that this statute is applicable and provides a basis for Plaintiff to recover fees and costs from Mulberry Medical and Hutton.[2] However, pursuant to Local Rule 55.01(b)(3),[3] Plaintiff must make a separate request for attorney's fees and costs in accordance with Local Rule 54.01. Accordingly, Plaintiff's request to recover attorney's fees and costs is denied but without prejudice to refiling.

5. <u>Patient Contact Information – Hutton, Mulberry Clinics</u>

Plaintiff also asks the Court to order Hutton and Mulberry Clinics to provide her with contact information for "all patients seen by Plaintiff in her last thirty-six (36) months of employment at [Mulberry Clinics], so that she can notify them of her departure and their option to continue their medical care with her, pursuant to Rules of The Tennessee Board of Nursing Rule 1000-04-.12(e)(2)." (*Id.* at 8.) Plaintiff did not include any reference to this Rule or make any such

---

[2] Plaintiff also states that she can recover attorney's fees and costs under Title VII, specifically 42 U.S.C. § 2000e-5(k). (Docket No. 45 at 7.) However, for the reasons set forth above, the Court finds that Plaintiff has not sufficiently alleged a claim under Title VII. Accordingly, the Court will not award Plaintiff attorney's fees and costs under this claim. The Court therefore finds that Mulberry Clinics is not obligated to pay any attorney's fees or costs.

[3] The Local Rules were updated on May 15, 2025 to include new instructions for the filing of motions for default judgment under Rule 55(b). *See* Local R. 55.01(b). These new instructions include that parties should not include requests for attorneys' fees in such a motion, but instead should make such requests separately in accordance with Local Rule 54.01. *See id.*

11

request in her first amended complaint. The Court therefore finds no basis to order Mulberry Clinic or Hutton to provide this information to Plaintiff.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiff's unopposed motion (Docket No. 44) for default judgment be **GRANTED IN PART** as to Defendants Mulberry Medical Aesthetics, LLC and Theron Hutton, but be **DENIED** as to Defendant Mulberry Clinics, PLLC.

2. Plaintiff be awarded damages of **$196,365.31** assessed against Defendants Mulberry Medical Aesthetics, LLC and Theron Hutton, individually and jointly and severally, comprised of (a) unpaid minimum wages in the amount of $8,765.31; (b) liquidated damages for unpaid minimum wages in the amount of $8,765.31; and (c) damages under a theory of unjust enrichment in the amount of $178,834.69.

3. Plaintiff's request to recover $24,970.00 in attorney's fees and $405.00 in costs be **DENIED WITHOUT PREJUDICE** as to Defendants Mulberry Medical Aesthetics, LLC and Theron Hutton, but be **DENIED** as to Defendant Mulberry Clinics, PLLC.

4. Plaintiff be **DIRECTED** to file a separate request for attorney's fees and costs from Defendants Mulberry Medical Aesthetics, LLC and Theron Hutton in accordance with Local Rules 54.01 and 55.01(b)(3).

5. Plaintiff's request for the Court to order Defendants Theron Hutton and Mulberry Clinics, PLLC to provide Plaintiff with the contact information of all patients seen by Plaintiff in her last thirty-six (36) months of employment at Mulberry Clinics, PLLC be **DENIED**.

6. A **FINAL JUDGMENT** be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. of Civ. P. 72(b)(2); Local R. 72.02(b). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2); Local R. 72.02(b).

                                                                    Respectfully submitted,

                                                          BARBARA D. HOLMES
                                                          United States Magistrate Judge